NO. 07-06-0132-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 24, 2007

_____

TIMOTHY B. MIERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439062; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, on August 20, 2002, Appellant, Timothy B.

Miers, pleaded guilty and was convicted of driving while intoxicated, enhanced by two prior

convictions for the same offense.[1]  Punishment was assessed at five years confinement, suspended in favor of five years community supervision.  The State filed its *First Amended Motion to Revoke* alleging numerous violations of the terms and conditions of community supervision, to which Appellant pleaded not true.  At a hearing on the State's motion, the trial court heard testimony from Appellant's community supervision officer that supported the State's allegations.  Appellant testified in his defense; nevertheless, the trial court found that Appellant failed to (1) complete a court-ordered program, (2) maintain total abstinence from consumption of alcoholic beverages, and (3) report as required.  Appellant's community supervision was revoked and he was sentenced to four years confinement.  In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).  Thus, he concludes the appeal is frivolous.  Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  *See High v. State*, 573

---

[1]The reporter's record filed on July 12, 2006, was supplemented on November 20, 2006, to include a transcription of the guilty plea hearing held in 2002.  However, voluntariness of a plea from a plea bargained felony conviction is not reviewable on appeal.  *See Cooper v. State,* 45 S.W.3d 77 (Tex.Crim.App. 2001).

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified Appellant of his right to review the record and file a *pro se* response if he desired to do so. The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief.[3] The State did not favor us with a brief.

Counsel presents two arguable grounds for appeal, to-wit: (1) whether the trial court abused its discretion in revoking community supervision, and (2) whether trial counsel was ineffective during the punishment phase by not presenting sufficient mitigation evidence. Counsel acknowledges that the testimony from Appellant's community supervision officer supports revocation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980) (holding that proof of one violation of the conditions of community supervision is sufficient to support revocation). Additionally, counsel recognizes that a direct appeal is usually an inadequate vehicle for raising a claim of ineffective assistance of counsel. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex.Crim.App. 2003).

---

[3]This Court's correspondence was returned. According to the Texas Department of Criminal Justice, Appellant was released on January 4, 2007. Additionally, Appellant's counsel has no forwarding address for Appellant.

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record and counsel's brief, we agree that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Cr.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.